UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM F. HORNE,<br><br>                                Plaintiff,<br>    v.<br>INTERNAL REVENUE SERVICE,<br>                                Defendant. | Case No. 3:14-cv-00214-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

Before the Court is Defendant the United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Dkt. no. 10.)  Plaintiff has also filed a motion to remand and a motion to stay collection.  (Dkt. nos. 17, 20.)  For the reasons discussed below, the Motion to Dismiss is granted. The remaining motions are denied as moot.

**II.   BACKGROUND**

The following facts are taken from Plaintiff's Complaint. Plaintiff, who is proceeding *pro se*, alleges that the Internal Revenue Service ("IRS") imposed a punishment that was "labeled a penalty charge" on him under 26 U.S.C. § 6700 for promoting an abusive tax shelter. (Dkt. no. 1-1 ¶ 3.) Plaintiff received a Form 886-A notifying him of a penalty of $21,000 for Plaintiff's alleged preparation of twenty-one (21) corporation soles for the year 2007. (*Id.* ¶¶ 13, 18.) He further alleges that the IRS filed a tax lien in Carson City based on its penalty assessment. (*Id.* ¶ 8.) According to Plaintiff, the penalty charge is a "punishment for allegedly performing the criminal acts of promoting abusive tax shelters."  (*Id.* ¶ 19.)  Plaintiff does not allege that he has paid the penalty assessed or that he has challenged the assessment.

Plaintiff filed this action with the First Judicial District Court of the State of Nevada in and for Carson City. The Complaint asserts a claim for denial of "due process by imposing criminal punishment without due process of law" and a claim for "filing a fraudulent IRS tax lien." (*Id.* at 4-6.) Defendant removed and moved to dismiss the Complaint under Rule 12(b)(1). (Dkt. no. 10.) Plaintiff filed an opposition and Defendant filed a reply. (Dkt. nos. 14, 15.) Plaintiff then filed a rebuttal to Defendant's reply. (Dkt. no. 16.) Plaintiff's rebuttal is improper and violates Local Rule 7-2, which permits the filing of a motion, response, and reply. The Court will not consider Plaintiff's rebuttal and orders that it be stricken.

## III.   DISCUSSION

Defendant argues that the Court lacks jurisdiction over Plaintiff's first claim because Plaintiff fails to allege jurisdictional prerequisites for challenging a tax assessment, such that Defendant's sovereign immunity bars jurisdiction. As to Plaintiff's second claim, Defendant argues that the Tax Anti-Injunction Act ("the Act"), 26 U.S.C. § 7421(a), forecloses his claim. Plaintiff counters that Defendant's arguments do not apply for two reasons. First, by removing the case, Defendant confers jurisdiction. (Dkt. no. 14 at 3-4.) Second, Plaintiff contends that he is not challenging the IRS's authority to assess or collect taxes because his claims involve the IRS's authority to impose a criminal penalty without due process. In particular, Plaintiff argues that he is alleged to have committed a tax crime because the penalty assessed under § 6700 is criminal, and his right to due process entitles him to have a jury to decide his guilt or innocence. (Dkt. no. 14 at 5-6.) The Court will address Plaintiff's second argument first.

Sovereign immunity is a threshold issue that goes to the court's subject matter jurisdiction. *Cassirer v. Kingdom of Spain*, 616 F.3d 1019, 1026 (9th Cir. 2010). When a party makes a factual attack on the district court's subject matter jurisdiction under Rule 12(b)(1), the court "need not presume the truthfulness of the plaintiffs' allegations." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a Rule

12(b)(1) motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The Court finds that because the Complaint alleges claims against the IRS, an agency of the United States, it is a suit against the United States. "[T]he United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (citations omitted); *see United States v. Shaw*, 309 U.S. 495, 500–01 (1940). Moreover, "[s]uch waiver cannot be implied, but must be unequivocally expressed." *Gilbert*, 756 F.2d at 1458 (*citing United States v. King*, 395 U.S. 1, 4 (1969)).

In the context of tax litigation, two statutes — 28 U.S.C. § 1346(a) and 26 U.S.C. § 7422(a) — "operate as a waiver of the government's sovereign immunity and as a grant of jurisdiction." *Henkell v. United States*, No. S-96-2228 MLS GGH, No. S-97-0017 LS GGH, 1998 WL 41565 at *3 (E.D. Cal. Jan. 9, 1998). Section 1346(a) gives federal district court original jurisdiction over "[a]ny civil action against the United States for . . . any penalty claimed to have been collected without authority." 28 U.S.C. § 1346(a). Section 7422(a) establishes jurisdictional prerequisites before a taxpayer like Plaintiff may pursue legal action:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). Limitation periods for filing such an action appear in 26 U.S.C. § 6532.[1]

---

[1] 26 U.S.C. § 6532(a)(1) states that an action under § 7422(a) may not be filed until the earlier of six (6) months from the date a claim is filed with the Secretary or from when the Secretary renders a decision, and that a claim may not be filed after the expiration of two (2) years from the Secretary's notice of the disallowance of the part of the claim to which the action relates.

3

Here, Plaintiff's claims challenge the IRS's assessment of a penalty, and its filing of a tax lien based on that penalty assessment, under 26 U.S.C. § 6700.[2] Even accepting Plaintiff's contention that he does not challenge the IRS's authority to assess taxes, but only its authority to assess the penalty, the Court finds that Plaintiff's claims fall within the ambit of § 7422(a). Section 7422(a) expressly covers any action for recovery of "any penalty claimed to have been collected without authority." Plaintiff does not allege that he has satisfied the requirements of § 7422(a), nor does he dispute that these prerequisites have not been met. Plaintiff has also failed to comply with 26 U.S.C. § 6703, which permits plaintiffs to challenge a tax penalty under § 6700, but only if a plaintiff pays 15% of the penalty within 30 days of the assessment, files a claim for refund, and takes other actions. *See* 26 U.S.C. § 6703(c). Plaintiff has not alleged any facts indicating such a payment.

With regard to his second claim, Plaintiff does not disagree with Defendant's contention that he has failed to demonstrate that the claim falls within the Act's exceptions; rather, he argues that the Act does not apply because his second claim characterizes the IRS's lien as based on a penalty, not a tax. (Dkt. no. 14 at 6.) This argument falls short — the Act applies to § 6700 penalties. *See Sage v. United States*, 908 F.2d 18, 25-26 (5th Cir. 1990) (finding that the Act bars a § 6700 litigant from challenging their tax liabilities, including a penalty assessed under § 6700, by means

---

[2]Section 6700 imposes certain penalties for promotion of abusive tax shelters. It provides, in pertinent part, that anyone who promotes an abusive tax shelter:

> shall pay, with respect to each activity described in paragraph (1), a penalty equal to the $1,000 or, if the person establishes that it is lesser, 100 percent of the gross income derived (or to be derived) by such person from such activity. For purposes of the preceding sentence, activities described in paragraph (1)(A) with respect to each entity or arrangement shall be treated as a separate activity and participation in each sale described in paragraph (1)(B) shall be so treated. Notwithstanding the first sentence, if an activity with respect to which a penalty imposed under this subsection involves a statement described in paragraph (2)(A), the amount of the penalty shall be equal to 50 percent of the gross income derived (or to be derived) from such activity by the person on which the penalty is imposed.

26 U.S.C. § 6700(a).

4

other than those enumerated in the Internal Revenue Code for resolution of tax disputes).

Characterizing the IRS's § 6700 assessment as a criminal penalty, Plaintiff further attempts to distinguish his claims as a challenge to the IRS's authority to impose a criminal penalty. However, the case law in this circuit does not lend support for such a distinction. (Dkt. no. 14 at 5-6.) In *Reiserer v. United States*, the Ninth Circuit analyzed whether § 6700 penalties are penal, and determined that they are civil in nature. 479 F.3d 1160, 1163-65 (9th Cir. 2006). The court's reasoning is based in part on a finding that § 6700 involves "only monetary penalties, and no affirmative disability or restraint, and certainly nothing approaching the infamous punishment of imprisonment." *Id.* at 1163 (internal quotation marks omitted). Thus, Plaintiff's argument that the § 6700 penalty assessed against him was criminal in nature fails.[3]

Finally, Plaintiff argues that by removing the case to this Court, Defendant has "granted" this Court jurisdiction to hear the dispute. (Dkt. no. 14 at 3-4.) According to Plaintiff, if the Court lacks jurisdiction, then it would necessarily lack jurisdiction to dismiss the case. (*Id.*) However, "[a] defendant's power to remove a case to federal court is independent of the federal court's power to hear it." *State of Neb. ex rel. Dep't of Social Servs. v. Bentson*, 146 F.3d 676, 678-79 (9th Cir. 1998) (finding that removal was proper under 28 U.S.C. § 1442, and that dismissal for lack of subject matter jurisdiction under 26 U.S.C. § 6305, which "deprives the federal courts of jurisdiction over actions brought to restrain the assessment and collection of an alleged past-due child support obligation," was proper). Plaintiff fails to recognize the interplay between the removal statute and the statute governing waiver of the government's sovereign immunity. Defendant removed this action pursuant to 28 U.S.C. § 1442, which provides

---

[3] Plaintiff also argues that his due process rights would be violated if he is deprived of the right to have a jury determine his innocence or guilt. Plaintiff would be correct if criminal proceedings had been initiated against him. However, he does not allege that he has been indicted by a grand jury or a criminal complaint has been filed against him. This argument therefore fails.

5

that civil actions initiated in state court against the United States or any of its agencies are removable. 28 U.S.C. § 1442(a). "Once a case is properly removed, a district court has the authority to decide whether it has subject matter jurisdiction over the claims." *State of Neb.*, 146 F.3d at 678-79. Because Plaintiff has failed to satisfy the prerequisites to the Court's exercise of jurisdiction over his claims under 26 U.S.C. § 7422(a) (as discussed above), and because the Tax Anti-Injunction Act bars Plaintiff's second claim, the Court lacks subject matter jurisdiction over his claims.

## IV.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendant's Motion.

It is therefore ordered that Defendant's Motion to Dismiss (dkt. no. 10) is granted. Plaintiff's Motion to Remand and Motion to Stay Collection (dkt. nos. 17, 20) are denied as moot. It is further ordered that Plaintiff's rebuttal to Defendant's response (dkt. no. 16) is stricken. The Clerk is directed to close this case.

DATED THIS 27th day of October 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE